IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50143
Summary Calendar
_____


ROBBIN E. L. WASHINGTON, JR.;
GERALD WASHINGTON; LAVERNE W.
RICHARDS; GERARD WASHINGTON,

                                        Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(97-CV-389-F)
--------------------

October 27, 1999

Before POLITZ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Appellants appeal the summary judgment for the Government in
this Federal Tort Claims Act case.  They argue that the district
court abused its discretion in determining that their expert's
opinions on causation and various issues relating to the
colonoscopy performed on the decedent should be excluded under
Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court did not abuse its discretion.  No scientific basis was given for the expert's causation opinion.  See Moore v. Ashland Chem., Inc., 151 F.3d 269, 278 (5th Cir. 1998).  The district court also did not err in determining that the expert was not of the "same school of practice" as the doctors who performed the colonoscopy.  See Broders v. Heise, 924 S.W. 2d 148 (Tex. 1996).  Because the appellants have not made a sufficient showing on causation, an essential element of their case, the district court did not err in granting the Government's motion for summary judgment.  See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 884 (1990); Urbach v. United States, 869 F.2d 829, 831 (5th Cir. 1989).

AFFIRMED.